UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KEITH BELL, Ph.D.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 1:14-cv-921** |
| | § | **Jury Demanded** |
| **JASON SHEN,** | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Dr. Keith Bell ("Dr. Bell"), by his attorneys, avers as follows:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking to put an immediate stop to, and to obtain redress for, Defendant's blatant and purposeful infringement of the copyright in Plaintiff's literary work entitled *Winning Isn't Normal*.

2.     Plaintiff is an internationally recognized sports psychologist and sports performance consultant. He has worked as a sports psychologist with over 500 teams, including the U.S., Canadian, Australian, Hong Kong, Fiji, Cayman Islands and New Zealand Olympic and national teams.

3.     In addition to his work with sports teams, Plaintiff speaks at national and international coaching symposia. Among others, he has been a featured speaker with the American Swim Coaches Association, the North American Soccer Coaches Association, the National Interscholastic Coaches Association Clinic, Australian Swimming Coaches Association,

Canadian Swimming Coaches Association, the Japanese Masters Swimming Coaches Association, and the British Swim Coaches Association. He is a regular contributor to Austin Fit Magazine. Further, Dr. Bell has authored and had published ten (10) books and over eighty (80) articles relating to sports psychology. He has also been a regular columnist for national swimming publications such as Swimmers, Swimmers Coach, SWIM SWIM, and Swim Texas Magazine.

4. Recognizing Plaintiff's talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiff's success, Defendant has authored and published a literary work also entitled *Winning Isn't Normal*, which includes a direct quotation of a passage from Plaintiff's work *Winning Isn't Normal*. The passage directly copied by Defendant can be considered the foundation, essence, or "heart" of Plaintiff's literary work, and is also sold by Plaintiff on posters.

5. Defendant has also quoted this same passage from Plaintiff's work on Defendant's commercial website, www.jasonshen.com. Defendant has also directly quoted this passage in Hacker News, a print and electronic publication. Additionally, he has appeared in one or more video blogs quoting and publicly performing Plaintiff's work. Defendant did not have permission or authorization at any time to copy, adapt, distribute, or publicly perform or display Plaintiff's copyrighted work. Further, these infringing publications remain available at the time of filing.

6. Defendant's conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiff. Defendant may not continue to exploit Plaintiff's literary work without authorization in order to bolster the sales of Defendant's book, drive traffic to his commercial website, and bolster his image, credentials, and reputation on the

back of Plaintiff's work. Defendant's conduct must immediately be stopped, and Plaintiff must be compensated for Defendant's willful acts of infringement.

## JURISDICTION AND VENUE

7.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*.

8.  This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. §§ 1338(a) (copyright).

9.  The Court has personal jurisdiction over Defendant because, among other things, Defendant is doing business in the State of Texas and in this judicial district, the acts of willful infringement complained of herein occurred in the Texas and in this judicial district, and Defendant has caused injury to Plaintiff and his intellectual property within the State of Texas and in this judicial district.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), in that the acts of infringement complained of herein occurred in this district.

## THE PARTIES

11. Plaintiff Keith Bell, Ph.D. is an individual who maintains his primary business office and residence at 3101 Mistyglen Circle, Austin, Texas 78746.

12. Defendant Jason Shen ("Shen") is an individual who maintains his primary residence at 789 9th Ave. #5B, New York, New York 10019.

## GENERAL AVERMENTS

13. Plaintiff is author of the original literary work *Winning Isn't Normal*. Plaintiff owns the rights and title to the copyright in the literary work *Winning Isn't Normal* (the "Infringed Work") as author.

14. A copyright registration certificate was issued by the United States Copyright Office for *Winning Isn't Normal* on or about September 21, 1989. The copyright registration number is TX0002672644. A true and correct copy of the registration as reflected in the Copyright Office's online system is annexed hereto as <u>Exhibit A</u>.

15. Upon information and belief, the copyright in and to *Winning Isn't Normal* is valid and subsisting.

16. *Winning Isn't Normal* was published on February 3, 1982.

17. Recently, it has come to Plaintiff's attention that Defendant reproduced, adapted, distributed, and/or publicly performed and displayed (and/or caused to be reproduced, adapted, distributed, and/or publicly performed and displayed) a substantial portion of the Infringed Work without Plaintiff's authorization in a book authored and published by Defendant also entitled *Winning Isn't Normal*.

18. In addition, Defendant has posted, reproduced, and publicly displayed a substantial portion of the Infringed Work on his commercial website, www.jasonshen.com, which he has used to drive Internet traffic to his website to market and increase the sales of his book, without Plaintiff's authorization. He has also published on his site a false and misleading statement that Plaintiff's book is out of print.

19. Defendant has also posted, reproduced, and publicly displayed substantial portions of the Infringed Work in Hacker News, a print and electronic magazine, without Plaintiff's authorization.

20. Finally, Defendant has posted and publicly performed substantial portions of the Infringed Work on one or more Internet video blogs without Plaintiff's authorization in an effort to increase Internet traffic to his commercial website.

21. Defendant does not have license, authorization, permission or consent to use the Infringed Work.

22. In fact, on or about May 7, 2014, through Plaintiff's attorneys, Plaintiff provided written notice to Defendant that the aforementioned activities constituted infringement of Plaintiff's rights and demanded that Defendant immediately cease and desist from any further use of the Infringed Work. As of this filing, Defendant has not complied with this notice. Plaintiff is entitled to injunctive relief and redress for Defendant's willful, intentional and purposeful use and exploitation of the Infringed Work for his own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff's rights.

## COUNT I

## COPYRIGHT INFRINGEMENT

### (17 U.S.C. § 106 and 501)

(By Plaintiff Against Defendant)

23. Plaintiff incorporates herein by this reference each and every averment contained in paragraphs 1 through 22, inclusive.

24. Through the conduct averred herein, Defendant has infringed Plaintiff's copyright in the Infringed Work in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

25. Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

26. As a direct and proximate result of said infringement by Defendant, Plaintiff is entitled to damages in an amount to be proven at trial.

27. Plaintiff is also entitled to Defendant's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and constructive trust with respect to such profits.

28. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

29. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Infringed Work. Plaintiff is also entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, jointly and severally, as follows:

1. For statutory and/or actual damages in such amount as may be found, or as otherwise permitted by law.

2. For an accounting of, and the imposition of constructive trust with respect to, Defendant's profits attributable to their infringements of Plaintiff's copyright in the Infringed Work.

3. For a preliminary and permanent injunction prohibiting Defendant, and his respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff's copyright in the Infringed Work.

4. For prejudgment interest according to law.

5. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

6. For such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    /s/ Roberto C. Rondero de Mosier

    Roberto C. Rondero de Mosier
    Texas Bar No. 24051964
    RAM LAW FIRM PLLC
    103 E. 5th Street, Suite 206
    Austin, Texas 78701
    (512) 394-3564 tel.
    (210) 444-2219 fax