IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KEITH BELL, Ph.D., | § § § CIVIL ACTION NO. 1:14-cv-921-LY |
| Plaintiff, | § § |
| v. | § § |
| | § **JURY TRIAL DEMANDED** |
| JASON SHEN, | § § |
| Defendant. | § § § § |

# JOINT REPORT PURSUANT TO RULE 26(F)

Plaintiff Keith Bell, Ph.D. ("Bell" or "Plaintiff") and Defendant Jason Shen ("Shen" or "Defendant") submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. The parties, by and through their undersigned counsel, conferred:

- by telephone on December 15, 2014;
- by email at various times.

Based on those conferences, the parties have stipulated and agreed as follows:

## DISCOVERY PLAN

**A.     Rule 26(f)(3)(A): what changes should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agreed that no changes to the timing, form, or requirement for disclosures are needed. The parties further agreed that initial disclosures will be made on or before December 29, 2014.

**B.     Rule 26(f)(3)(B): the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties do not believe that discovery needs to be conducted in phases. Without limitation as to what may be, or may become, discoverable under the applicable Federal Rules of Civil Procedure and case law, the subjects on which discovery may be needed are at least the following:

- The allegations contained in Plaintiff's Complaint, and amendments thereto;

- Plaintiff's alleged damages;

- Plaintiff's copyright enforcement activities relating to the allegations in Plaintiff's Complaint, and amendments thereto;

- Plaintiff's copyright licensing activities relating to the allegations in Plaintiff's Complaint, and amendments thereto;

- Revenue, cost, and sales information (including dollars and units) for the allegedly infringed work;

- Revenue, cost, and sales information (including dollars and units) for the allegedly infringing work;

- The defenses contained in Defendant's Answer, and amendments thereto;

- The basis for the denials contained in Defendant's Answer, and amendments thereto;

- Defendant's uses, in any language, including any translations, of the copyrighted material at issue; and

- Extent of Defendant's actions to remedy the unauthorized use of the copyrighted material.

The parties anticipate that they should be able to complete discovery by the deadline set forth in the parties' proposed Scheduling Order.

Additionally, the parties consent to the service of written discovery and other non-filed documents as provided for and governed by Federal Rules of Civil Procedure 5(b)(2)(E) and 6(d).

**C.** **Rule 26(f)(3)(C): any issues about the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to produce documents and ESI electronically in a format to be agreed upon by later by the parties. To the extent that technical issues arise regarding electronic formatting, the parties will work in good faith to address such issues.

**D.** **Rule 26(f)(3)(D): any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their arrangement in an order.**

The parties will abide by the Federal Rules of Civil Procedure with respect to claims of privilege and/or work product.

**E.** **Rule 26(f)(3)(E): what changes should be made in the limitation on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed.**

At this time, the parties do not anticipate the need to make any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of the Western District.

The parties further agree that:

>(1) Testifying experts shall not be subject to discovery with respect to any draft of the expert's report(s) in this case. Draft reports, notes, or outlines

for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery;

    (2)    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually considered by or relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case;

    (3)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case; and

    (4)    Materials, communications, and other information exempt from discovery under the foregoing paragraphs (1)-(3) shall be treated as attorney-work product for the purposes of this litigation and Order.

**F.**    **Rule 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties anticipate submitting an agreed proposed protective order in a form to be filed with the Court as soon as practicable.  The parties further request that the Court issue the proposed Scheduling Order submitted by the parties.

DATED: December 29, 2014                      Respectfully submitted,

By: */s/ Stephen A. Aguilar*
Roberto C. Rondero de Mosier
RAM LAW FIRM PLLC
103 E. 5th Street, Suite 206
Austin, Texas 78701
rc@ramattorneys.com

Stephen Aguilar
RAM LAW FIRM PLLC
110 E. Houston St., 7th Floor
San Antonio, Texas 78205
stephen@ramattorneys.com

*Counsel for Plaintiff,*
*Keith Bell, Ph.D.*

By: */s/ Bradley D. Coburn*
Bradley D. Coburn
State Bar No. 24036377
coburn@dcllegal.com
DENKO COBURN LAUFF LLP
3811 Bee Cave Road, Suite 204
Austin, Texas 78746
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

*Counsel for Defendant,*
*Jason Shen*