UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEITH BELL, Ph.D., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:14-cv-921-LY |
| | § | Jury Demanded |
| JASON SHEN, | § | |
|     Defendant. | § | |

## UNOPPOSED MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, KEITH BELL, Ph.D. ("Plaintiff Bell"), who hereby moves the Court to dismiss this action against Defendant, JASON SHEN (with "Plaintiff Bell," the "Parties") because all matters of fact and things in controversy have been fully and finally compromised and settled. This Unopposed Motion to Dismiss is conditioned upon the Court entering an order retaining jurisdiction of this case and over the Parties to enforce the terms of the settlement agreement between the Parties, which is attached here as Exhibit A and incorporated by reference.

WHEREFORE, the Plaintiff Bell requests that the Court dismiss this action, including the Plaintiff's claims and all counterclaims and third party claims with prejudice to the rights of the Parties to re-file the action or any part of it, and that all costs of court be taxed against the party incurring the same.

Respectfully submitted,

_____
Stephen A. Aguilar
Texas Bar No. 24064794
saguilar@mwrlegal.com
Roberto C. Rondero de Mosier
Texas Bar No. 24051964
rc@mwrlegal.com
MWR LEGAL
110 E. Houston St., 7th Floor
San Antonio, Texas 78205
(210) 745-5834 tel.
(210) 444-2219 fax

**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Bradley D. Coburn (via email coburn@dcllegal.com)
Sherri A. Wilson (via email wilson@dcllegal.com)
DENKO COBURN LAUFF LLP
3811 Bee Cave Road, Suite 204
Austin, Texas 78746

_____
Stephen A. Aguilar

# Exhibit A

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is entered into as of the last date on which a party hereto signs below (the "Effective Date"), by and between Keith F. Bell, Ph.D., an individual ("Bell"), and Jason Shen ("Shen"), an individual. Collectively, Bell and Shen shall be referred to as the "Parties."

**BACKGROUND**

WHEREAS, Bell is the author of an original literary work entitled *Winning Isn't Normal*, and owns the rights and title to the copyright in the literary work *Winning Isn't Normal* (United States Copyright Registration TX0002672644, registered September 21, 1989) ("Bell's Copyrighted Work");

WHEREAS, Bell is also the exclusive owner of the federally registered trademark WINNING ISN'T NORMAL, Registration No. 4630749 ("Bell's Trademark");

WHEREAS, Shen is the author of a literary work entitled *Winning Isn't Normal: Meditations on the Art of Ass-Kicking* ("Shen's Book");

WHEREAS, Shen owns and operates a personal Internet website located at www.jasonshen.com ("Shen's Website");

WHEREAS, a dispute has arisen between the Parties concerning Shen's reproduction, adaption, distribution, and public performance and display of certain portions of Bell's Copyrighted Work without Bell's authorization in Shen's Book and on Shen's Website (the "Dispute");

WHEREAS, Bell has filed a lawsuit against Shen in the United States District Court for the Western District of Texas, Civil Action No. 1:14-cv-921-LY, related to the Dispute (the "Litigation"); and,

WHEREAS, Bell and Shen desire to settle the controversies between them without the expense or inconvenience of further litigation.

NOW, THEREFORE, in consideration of these premises, and the conditions, covenants and promises set forth herein, Bell and Shen hereby agree as follows:

**AGREED TERMS**

1. Inducement to Settle. Shen represents that the information he has provided to Bell and all representations made by him to Bell are accurate and complete to the best of his knowledge following reasonable inquiry. Shen acknowledges and agrees that such information and representations are a material part of the inducement to Bell to enter into this Agreement and that any false or misleading representations or information shall constitute a material breach of this Agreement.

2. Payment and License. Shen shall pay to Bell the sum of Forty Thousand Thirty Dollars (US $40,030.00) (the "Settlement Amount"), payable in two (2) payments, as follows:

      a.      One (1) payment in the amount of Thirty Thousand Fifteen Dollars (US $30,015.00) no later than the first (1st) business day after the last day on which a Party to this Agreement signs it (the "Initial Payment");

      b.      One (1) payment in the amount of Ten Thousand Fifteen Dollars (US $10,015.00) on or before on October 22, 2015 (the "Final Payment").

Simultaneous with the execution of this Agreement, the Parties shall enter the Reprint License Agreement attached as Schedule A (the "License"). It is acknowledged and understood by the Parties that the payment from Shen to Bell contemplated by the License shall be satisfied upon Shen's payment of that portion of the Settlement Amount as set forth in this Section 2.

For the avoidance of confusion, the Settlement Amount payment functions as a license to Shen for Shen's use of Bell's Copyrighted Work on Shen's website www.jasonshen.com, on his video blog, and in print and electronic versions of Shen's Book, and any other known uses by Shen, retroactive to December 15, 2010, through thirty (30) days after the Effective Date of this Agreement.

Payments shall be made by wire transfer to Dr. Keith Bell using wire instructions to be provided to Shen's counsel by Bell's counsel.

Shen and Bell shall provide an executed copy of this Agreement to each other's counsel not later than the date that Shen must pay the Initial Payment.

3. No Other Sums. No other or additional sums of any kind or amount including, but not limited to, damages, attorney's fees, costs, expert witness fees, expert consultant fees, investigation costs or fees are owed to Bell by Shen under this Agreement.

4. Dismissal Papers. Bell shall dismiss the Litigation with prejudice by filing, within seven (7) business days of receipt of the Final Payment and compliance with Section 5 below, a Motion to Dismiss with Prejudice with the Clerk of the Western District of Texas. For purposes of filing the dismissal contemplated by this section, and not to be construed as a release of future compliance with the entirety of Section 5, Shen's compliance with the condition to cease referring to, representing himself as, or permitting himself to be known as the author of WINNING ISN'T NORMAL through and until the time when the Motion to Dismiss with Prejudice is filed shall constitute compliance with this section. If the Court is unwilling to enter an order of dismissal retaining jurisdiction over this Agreement and its enforcement, the Parties shall file a subsequent Motion to Dismiss with Prejudice that does not contain such language or requirement.

5. Removal of References. Shen agrees to change the title of Shen's Book to remove any reference to WINNING ISN'T NORMAL within twenty (20) days of the Effective Date of this Agreement, and agrees to inform Bell of the new book title within seven (7) days of the Effective Date of this Agreement. Shen further agrees to permanently remove any references to himself as the author of WINNING ISN'T NORMAL from Shen's Book, Shen's Website, and any other medium within his control within twenty (20) days of the Effective Date of this Agreement. Shen further agrees to remove any portions of Bell's Copyrighted Work from Shen's Book, Shen's Website, and any other medium within his control within twenty (20) days of the signing of this Agreement. Shen further agrees to destroy any and all existing electronic and print copies of Shen's Book, or any other unauthorized reproduction, within his control or possession that contain any portion of Bell's Copyrighted Work within seven (7) days. Further, Shen agrees from the Effective Date to forevermore cease referring to himself as the author of "WINNING ISN'T NORMAL." Given these conditions, Bell agrees to suspend the conditions set forth in Section 4.2(b) of the License pending Shen's compliance with this Section 5 of the Agreement.

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

6. <u>Agreement Not to Infringe</u>. Shen agrees to refrain from authoring, copying, distributing, publishing, offering for sale, advertising, marketing, promoting, providing, and/or assisting in the promotion and provision of any product or material that infringes Bell's Copyrighted Work or Bell's Trademark, or any other of Bell's published works, including, but not limited to, any product or material that contains the phrases "Winning Isn't Normal," Winning Is Not Normal," or "Winning Is Unusual," so long as Bell's copyright and trademark rights in Bell's Copyrighted Work and Bell's Trademark are valid and/or federally registered and subsisting. As used in this Section 6, "infringe" shall mean, in the context of a copyrighted work, the use of a work protected by copyright law without permission, violating those certain exclusive rights granted to a copyright holder under Title 17 of the United States Code, and, in the context of a trademark, the use of a mark which is likely to cause confusion with a registered trademark.

7. <u>Bell's Release</u>. For and in consideration of the terms and conditions hereof, including, without limitation, full payment to Bell under Section 2 and Shen's compliance with Section 5 and Section 6, Bell, on behalf of himself, his partners, representatives, agents, attorneys, employees, successors, affiliates, employees, heirs, and assigns, and each of them, hereby release and forever discharge Shen, his past, present and future, agents, representatives, heirs and assigns, successors or predecessors or partnerships, their affiliates, their assigns, and each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees or causes of action of any nature whatsoever, arising out the Dispute, including but not limited to any such claims, demands, allegations, obligations, costs, fees or causes of action of any nature whatsoever relating to the Dispute, but only to the extent of Shen's representations and warranties set forth herein. For the avoidance of confusion, the terms and conditions of the License fall within the scope of this Agreement and release.

8. <u>Shen's Release</u>. Shen, on behalf of himself, his partners, representatives, agents, attorneys, employees, successors, affiliates, employers, heirs, and assigns, and each of them, hereby releases and forever discharges Bell and his past, present and future employees, employers, attorneys, partners, agents, heirs, beneficiaries, subsidiary, successor or predecessor corporations or partnerships, their affiliates, their assigns, and each of them, of and from any and all claims, demands, allegations, obligations, costs, damages, fees or causes of action of any nature whatsoever, arising out of the Dispute, but only to the extent of Bell's representations and warranties set forth herein.

9. <u>Attorneys' Fees and Costs</u>. In the event either party takes action to enforce the terms of this Agreement, the Parties agree that, in addition to any actual damages incurred, the prevailing party shall recover from the other party the reasonable costs and expenses, including reasonable attorneys' fees, incurred by the prevailing in connection with such action.

10. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties with reference to the subject matter contained herein, and all prior negotiations and understandings between the Parties are merged into this Agreement.

11. <u>Modification or Amendments</u>. This Agreement may not be altered, modified, amended or changed in any respect or particular whatsoever, except by a writing duly executed by the Parties hereto.

12. <u>Governing Law and Choice of Forum</u>. This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Texas without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in the United States District Court for the Western District of Texas.

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

13. <u>Severability</u>. If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, illegal, void, or unenforceable for any reason whatsoever, the remaining provisions hereof shall nevertheless continue in full force and effect without being impaired or invalidated in any way.

14. <u>No Waiver</u>. The waiver by any party of the performance of any covenant, condition, promise or representation shall not invalidate this Agreement, nor shall it be considered a waiver of any other covenant, condition, promise or representation.

15. <u>Additional Performance</u>. The Parties agree to execute and deliver such other and further documents and to perform such other acts as shall be reasonably necessary to effectuate the purposes of this Agreement.

16. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.

<<Signature Page to Follow>>

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have caused this Agreement to be executed as of the date(s) set forth below.

**Dr. Keith F. Bell**

Signed: _____ *Keith Bell* _____
            C5CDD949FFA64DF...

Date: ____9/29/2015_____


**Jason Shen**

Signed: _____ /s/ Jason Shen _____

Date: ____9/28/2015_____

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

# SCHEDULE A

## REPRINT LICENSE AGREEMENT

1. **Parties; Effective Date**

    1.1. Dr. Keith Bell is an individual who resides in the state of Texas and who maintains an office at 3101 Mistyglen, Austin, TX 78746 ("**Bell**"). Jason Shen is an individual who resides in the state of New York ("**Shen**"). Bell and Shen are the parties to this Reprint License Agreement ("**License Agreement**").

    1.2. This License Agreement shall be effective on the last date shown on the signature page below (the "**Effective Date**").

2. **Background**

    2.1. Bell is a sports psychologist who authored, among other works, the book entitled *Winning Isn't Normal* (the "**Bell's Book**"). Included in Bell's Book is an essay of the same title, the text of which is set forth on page 8 of Bell's Book, as well as substantially reproduced on other materials such as posters and printed on clothing, as shown on the attached Exhibit A (the "**Essay**"). Bell is the owner of the copyright in Bell's Book. Bell's copyright in Bell's Book is registered in the United States Copyright Office.

    2.2. Shen is a speaker and author and operates a website called www.jasonshen.com. Shen is the author of a book entitled *Winning Isn't Normal: Meditations on the Art of Ass-Kicking* ("**Shen's Book**"). As part of his website, Shen provides various textual and video materials to members of the public ("**Shen's Website**", and together with Shen's Book, "**Shen's Materials**"). Shen's Materials are published and distributed in both print and electronic format.

    2.3. Shen has reprinted, reproduced, adapted, distributed, and publicly performed and displayed certain portions of the Essay in Shen's Materials in substantially the same form as reflected in Exhibit B ("**Adapted Essay**"). Shen now desires a reprint license authorizing his past use of portions of the Essay, and Bell desires to grant to Shen a reprint license to do so, subject to the terms and conditions set forth in this License Agreement.

3. **Payment**

    In consideration of the license granted herein, Shen shall pay to Bell the sum of Forty Thousand Thirty Dollars ($40,030.00). This payment shall be satisfied by Shen's payments pursuant to the terms of Section 2 of that certain Release and Settlement Agreement dated as of the date hereof, to which Bell and Shen are parties, and to which this License Agreement is attached as Schedule A ("<u>Settlement Agreement</u>"), and which is incorporated herein by reference.

4. **Reprint License; Conditions**

    4.1 Bell hereby grants to Shen a fully-paid, non-transferable license to use, copy, distribute, and publicly perform and display the excerpted truncated Essay as represented in Exhibit B in Approved Materials from December 15, 2010, through twenty (20) days from the effective date of the Settlement Agreement. This license does not extend to third parties.

    2. For purposes of the license set forth in paragraph 4.1:

        a) "Shen" includes Shen and his respective, subcontractors, agents, officers,

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

    directors, managers, members, attorneys, successors, assigns and legal representatives.

  b) "Approved Materials" means Shen's Materials that meet the following requirements:

    1. Shen's Materials include other text in addition to the Adapted Essay. Examples of uses of the Adapted Essay that satisfy this requirement are: the inclusion of the Adapted Essay in a video blog on Shen's Website, posting the Adapted Essay in a blog post on Shen's Website, and inclusion of the Adapted Essay in Shen's Book.

    2. The following legend appear immediately following the Essay:

© 1982 Dr. Keith Bell
Reprinted with Permission

    3. The Essay is not altered, modified or adapted without the written permission of Bell.

    4. Bell hereby expressly gives permission for the adaption set forth in the attached Exhibit B for the term and conditions of the license set forth in Section 4.1.

**5. Miscellaneous**

 5.1. Bell represents and warrants that he owns the copyright in and to the Essay and has the right to grant the license set forth herein.

 5.2. The parties represent and warrant that they or their duly authorized representatives have read this License Agreement and fully understand it; that they executed this License Agreement with the intent to be fully bound according to its terms; that in signing the License Agreement they have relied solely on their own knowledge or their duly authorized representative's knowledge and judgment and/or the advice of their own attorneys and not upon any representation, warranty, advice, statement or action of any kind of the other party, except to the extent that such representations, warranties, advice, statements or actions may be contained in this License Agreement.

 5.3. This License Agreement may not be waived, amended or modified except by the written agreement of both parties. This License Agreement constitutes the entire agreement between the parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous promises, representations and agreements, oral or written. This License Agreement shall be binding on and inure to the benefit of the parent, subsidiary and related companies, officers, directors, managers, employees, agents, attorneys, successors, assigns and legal representatives of each party. Any invalidity, in whole or in part, of any provision of this License Agreement shall not affect the validity of any other of its provisions. This License Agreement may be executed in multiple originals, each of which constitutes an original for all purposes.

 5.4. If any party to this License Agreement institutes legal proceedings for breach of this License Agreement, then the prevailing party shall be entitled to recover its reasonable attorney's fees and court costs associated with such legal

proceedings.

<<Signature Page to Follow>>

Schedule A
Reprint License Agreement

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have caused this License Agreement to be executed as of the date(s) set forth below.

**Dr. Keith F. Bell**

Signed: _____Keith Bell_____

Date: ____9/29/2015_____

**Jason Shen**

Signed: _____[signature]_____

Date: ____9/28/2015_____

**Exhibit A: Essay**

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

think you are one of those special people who win national championships and break world records?

Well, guess what? No one is special! The people who win are not special people. There is nothing special about the people who break world records. They are not special people — they do special things! They are just people who do special things. You can too! And you have to do special things, if you want to win.

## Winning Isn't Normal

Winning isn't normal. That doesn't mean there's anything wrong with winning. It just isn't the norm. It's highly unusual.

Every race only has one winner. No matter how many people are entered (not to mention all those who tried and failed to make cuts), only one person (or one relay) wins each event.

Winning is unusual. As such, it requires unusual action.

In order to win, you must do extraordinary things. You can't just be one of the crowd. The crowd doesn't win. You have to be willing to stand out and act differently.

Your actions need to reflect unusual values and priorities. You have to value success more than others do. You have to want it more. (Now, take note! Wanting it more is a decision you make and act upon — not some inherent quality or burning inner drive or inspiration!) And you have to make that value a priority.

You can't train like everyone else. You have to train more and train better.

You can't talk like everyone else. You can't think like everyone else. You can't be too willing to join the crowd, to do what is expected, to act in a socially accepted manner, to do what's "in." You need to be willing to stand out in the crowd and consistently take exceptional action. If you want to win, you need to accept the risks and perhaps the loneliness . . . because *winning isn't normal!!*

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

# Winning Isn't Normal

Winning isn't normal. That doesn't mean there's anything wrong with winning. It just isn't the norm. It is highly unusual.

Every race only has one winner. No matter how many people are entered only one person, or one team, wins.

Winning is unusual. As such, it requires unusual action.

In order to win, you must do extraordinary things. You can't just be one of the crowd. The crowd doesn't win. You have to be willing to stand out and act differently.

Your actions need to reflect unusual values and priorities. You have to value success more than others do. You have to want it more. (Now take note! Wanting it more is a decision you make and act upon — not some inherent quality or burning inner drive or inspiration!) And you have to make that value a priority.

You can't train like everyone else. You have to train more and train better.

You can't talk like everyone else. You can't think like everyone else. You can't be too willing to join the crowd, to do what is expected, to act in a socially accepted manner, to do what's "in." You need to be willing to stand out in the crowd and consistently take exceptional action. If you want to win, you need to accept the risks and perhaps the loneliness …because winning isn't normal!

Dr. Keith Bell

Winning Isn't Normal Inspirations
Excerpted from the book: *Winning Isn't Normal*
by Dr. Keith Bell © 1982
www.KeelPublications.com

DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420



DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420



DocuSign Envelope ID: 6D2D0859-7428-4BA1-8FB6-A8163F3CC420

## Exhibit B: Excerpt of Essay as Used by Shen

"Remember one thing . . . winning isn't normal. That doesn't mean there is anything wrong with winning. It just isn't the norm. It is highly unusual, . . . So it requires unusual action. In order to win, you must do extraordinary things."